# UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

No. 25-2031

HEIDY CAROLINA MEJIA SAQUIC DE JULAJ; E. S. J. M.,
Petitioners

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA

_____

On Petition for Review of the Board of Immigration Appeals
Judge Shanna W. Chen, Nos. A208-201-937 & A208-201-938

Before: RESTREPO, BIBAS, AND FISHER, *Circuit Judges*
Submitted: Apr. 20, 2026; Filed: July 27, 2026

_____

NONPRECEDENTIAL OPINION[*]

Restrepo, *Circuit Judge*. Heidy Carolina Mejia Saquic de Julaj and her minor child (collectively "Petitioners") petition this Court for review of a final order of removal. The Board of Immigration Appeals ("BIA" or "Board") dismissed Petitioners' appeal of the Immigration Judge's ("IJ") decision denying their applications for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). The BIA concluded, and we agree, that Petitioners failed to exhaust their administrative remedies before the Agency. When the government raises this failure before this Court, as it does here, we must enforce the exhaustion requirement pursuant to 8 U.S.C. § 1252(d). Given the bar to judicial review, we will dismiss the petition for review.

_____

[*] This is not an opinion of the full Court and under I.O.P. 5.7 is not binding precedent.

**I.**

Petitioners, natives and citizens of Guatemala, entered the United States without entry documents and applied for admission on December 29, 2015. On the same day, Petitioners were served with notices to appear and charged with removability under section 212(a)(7)(A)(i)(I) of the Immigration and Nationality Act ("INA"). Petitioners timely applied for asylum, withholding of removal, and CAT protection on September 8, 2016, less than nine months after entering the United States. With the assistance of counsel, Petitioners submitted written pleadings in support of their applications on May 2, 2019. Following a merits hearing on September 14, 2020, where Petitioners were again represented by counsel, the IJ denied the applications for relief and found Petitioners removable.

In denying asylum relief, the IJ found that Petitioners had not experienced past persecution or established a well-founded fear of future persecution, and their proposed particular social group was not cognizable under the INA.[1] It correspondingly found that Petitioners failed to meet the higher burden of proof for withholding of removal. The IJ also denied CAT protection based on its finding that Petitioners failed to show it was more likely than not that they would be tortured if returned to Guatemala.

---

[1] The IJ found that the proposed particular social group, "Guatemalan women and mothers unable to escape gang threats and extortion," lacked particularity as it was "overbroad, amorphous, and subjective." A.R. 32. The IJ also questioned whether, even if the particular social group was cognizable, Mejia Saquic de Julaj could be considered a member of the group given that she and her minor son had arguably escaped.

Still represented by counsel, Petitioners filed a timely notice of appeal on September 28, 2020, which provided:

> The [IJ] erred in denying [Petitioners'] timely filed application for Asylum, Withholding of Removal, and Protection under the Convention Against Torture. Specifically the [IJ] erred in finding that although the [Petitioner] was credible, the [Petitioner] had not met her burden in establishing that she is a member of a particular and cognizable social group.

A.R. 20. Petitioners declined the opportunity to submit written briefing or request oral arguments before the BIA. On April 28, 2025, the BIA decided that Petitioners—whose pleadings consisted solely of the notice of appeal—had not meaningfully challenged the IJ's determination that they had not established past persecution or a well-founded fear of future persecution, or that their proposed social group was not cognizable. The Board also decided that Petitioners failed to raise a viable challenge to the IJ's finding that they were not entitled to CAT protection. The BIA did not address the merits underlying the denial of relief, instead dismissing the appeal because the claims were waived.

Petitioners timely filed a petition to review the BIA's decision in this Court.

**II.**

This Court has jurisdiction to review final orders of removal. 8 U.S.C. § 1252(a)(1). Prior to judicial review, a non-citizen must "exhaust[] all administrative remedies available to [them] as of right." 8 U.S.C. § 1252(d)(1). While not jurisdictional, the exhaustion requirement is a prerequisite to judicial review that this Court "must enforce" if raised by the government. *Gomez-Gabriel v. Att'y Gen.*, 146 F.4th 327, 330 (3d Cir. 2025); *see also Santos-Zacaria v. Garland*, 598 U.S. 411, 416 (2023). Petitioners may satisfy the exhaustion requirement by submitting the notice of appeal to the BIA,

3

"provided that the description of [the issues raised] in the notice sufficiently apprises the BIA of the basis for the appeal." *Hoxha v. Holder*, 559 F.3d 157, 159 (3d Cir. 2009). The regulation governing the sufficiency of the notice of appeal specifies that:

> The party taking the appeal must identify the reasons for the appeal in the Notice of Appeal . . . or in any attachments thereto, in order to avoid summary dismissal . . . . The statement must specifically identify the findings of fact, the conclusions of law, or both, that are being challenged. If a question of law is presented, supporting authority must be cited. If the dispute is over the findings of fact, the specific facts contested must be identified.

8 C.F.R. § 1003.3(b). We recognize that this Court does not "apply this [exhaustion] principle in a draconian fashion." *Lin v. Att'y Gen.*, 543 F.3d 114, 121 (3d Cir. 2008), *abrogated in part on other grounds by Santos-Zacaria*, 598 U.S. 411. Thus, "so long as an immigration petitioner makes some effort, however insufficient, to place the Board on notice of a straightforward issue being raised on appeal, a petitioner is deemed to have exhausted her administrative remedies." *Yan Lan Wu v. Ashcroft*, 393 F.3d 418, 422 (3d Cir. 2005).

Here, Petitioners' efforts to give notice fell short. We review the BIA's determinations of waiver for abuse of discretion, and find no abuse if a petitioner fails to provide sufficient grounds for review. *See Uddin v. Att'y Gen.*, 870 F.3d 282, 288 (3d Cir. 2017) (holding the Board did not abuse its discretion in ruling claim waived where petitioner provided "no basis for ruling on his vague objection to the IJ's CAT denial"); *Sanchez v. Att'y Gen.*, 147 F.4th 348, 352–53 (3d Cir. 2025) (holding no abuse of discretion where BIA deemed claim not raised in notice of appeal or briefing waived).

Here, the notice of appeal did not mention past persecution or an objective fear of future persecution, much less provide a basis for a ruling by the BIA. The notice stated that the IJ erred by finding that Petitioners failed to allege a particular and cognizable social group but did not develop the claim, providing no references to the record or controlling law to support the assertion. Upon review, we conclude the BIA did not abuse its discretion in finding Petitioners' claims for relief waived.[2]

In their petition for review before this Court, Petitioners ignore the BIA's waiver determinations, choosing instead to challenge the merits underlying the IJ's decision to deny asylum relief.[3] But we cannot address the merits of claims not exhausted before the BIA, once the government raises this prerequisite to judicial review. *Gomez-Gabriel*, 146 F.4th at 330; 8 U.S.C. § 1252(d)(1). Because the government raised the prerequisite here, we will dismiss the petition for review.

---

[2] We recognize that, had the BIA instead reached the merits of the IJ's determinations despite the insufficiencies of Petitioners' claims, the issues would have been exhausted. *Lin*, 543 F.3d at 125–126 (holding that the issue had been exhausted where the BIA *sua sponte* reached the merits rather than dismiss the claim for lack of specificity).

[3] The government argues that by failing to address the BIAs waiver-based denial of their claims in their opening brief, Petitioners have waived "all arguments regarding the Board's waiver-based denial of their asylum, withholding of removal, and CAT claims" before this Court. Gov't Br. 11. Given that Petitioners' failure to meet the exhaustion requirement resolves this matter, we need not address the government's layered waiver argument.